IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:18-CR-78-5BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER STAYING** |
| | ) | **DEFENDANT'S RELEASE** |
| QUREN SHAIKEEM MEWBORN, | ) | |
| Defendant. | ) | |

This case came before the court for hearing on the government's oral motion to detain Defendant pending trial pursuant to 18 U.S.C. § 3142(e). A hearing was held in this matter on January 18, 2019, at which Defendant was present and represented by David W. Venable and the Government was represented by Assistant United States Attorney Laura S. Howard. The court heard oral testimony of the following individuals: Defendant's father Robert Mewborn, who is a police officer with the Kinston Police Department; Defendant's grandmother Betty Jean Mewborn; Defendant's girlfriend Stephanie Kerns; and Special Agent Michael Horn of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Finding that Defendant produced sufficient evidence to overcome the presumption of detention set forth in 18 U.S.C. § 3142(e)(3) and having considered the evidence presented in light of the factors set forth in 18 U.S.C. § 3142(g), it was determined that less restrictive alternatives to detention could be imposed to ensure that Defendant would not pose a flight risk or a danger. *See* 18 U.S.C. § 3142(c). Accordingly, the court ordered that Defendant be released on pretrial supervision with the United States Probation Office subject to certain conditions, including the

following: that Defendant be placed in the custody of and be supervised at all times by his father and grandmother; that he be placed on electronic monitoring and subject to home incarceration (24-hour-a-day lock-down at the residence except for medical necessities and court appearances or other activities specifically approved by the court); that he have no visitors at the residence, with the exception of his two sisters, his minor child, and the minor child's mother and her minor son; that he not use narcotic drugs, controlled substances or alcohol; that he submit to testing for prohibited substances; that he participate in substance abuse treatment and counseling if directed to do so by the United States Probation Office; that there be no firearms, destructive devices or other weapons in the residence; and that the third-party custodian remove all firearms from the residence and provide documentation that he has been authorized to maintain his service weapon at a place other than the residence during the pendency of this case.

Upon oral motion of the Government, the court temporarily stayed the release order until January 18, 2019, at 4:30 p.m., in order to give the Government time to decide whether to seek review pursuant to 18 U.S.C. § 3145(a)(1). The Government having promptly filed a notice of appeal, which the court construes as a motion seeking review of the release order pursuant to 18 U.S.C. § 3145(a)(1), it is hereby ORDERED that the release order entered January 18, 2019, is STAYED pending the court's resolution of the government's motion. Defendant shall remain in custody pending further orders from the court.

SO ORDERED, this 18th day of January 2019.

_____
KIMBERLY A. SWANK
United States Magistrate Judge