IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-78-5BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUREN MEWBORN | ) | |

This cause came before the undersigned on January 30, 2018, at Raleigh, North Carolina for hearing on the government's appeal of the order United States Magistrate Judge Kimberly A. Swank setting conditions of release pending trial for defendant Mewborn. The Court heard evidence and argument from counsel, and, having considered the evidence and argument in addition to the relevant statutory factors, orders defendant detained pending trial.

## DISCUSSION

The Court reviews *de novo* an order entered by a magistrate judge detaining or releasing a defendant pretrial. 18 U.S.C. § 3145; *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g).

Mewborn is charged with conspiracy to distribute and possess with intent to distribute a quantity of heroin, distributing a quantity of heroin and aiding and abetting, distributing a quantity of cocaine and aiding and abetting, and possession of a firearm in furtherance of a drug trafficking crime. 21 U.S.C. §§ 846; 841(a)(1) and 18 U.S.C. §§ 2; 924(c)(c)(1)(A). There is no dispute that 18 U.S.C. § 3142(e) provides a presumption that there is no condition or combination of conditions

that will reasonably assure the appearance of defendant and the safety of the community in this case. Section 3142(e)'s rebuttable presumption shifts the burden of production but not persuasion to the defendant; in order to rebut the presumption the defendant must produce some evidence, but "the mere production of evidence does not completely rebut the presumption." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Although defendant offered evidence before the magistrate judge at the first detention hearing, his witnesses were not available for the hearing before the undersigned and counsel asked the Court to consider the transcript of that hearing. *See, e.g., United States v. Allen*, 605 F. Supp. 864, 867 (W.D. Pa. 1985) (district court may rely on transcript of proceedings before magistrate judge when considering detention as the rules concerning the admissibility of evidence at a criminal trial do not apply).

At the hearing before Magistrate Judge Swank, defendant offered the testimony of his father, Robert Mewborn, a member of the Kinston Police Department and a school resource officer, as well as his grandmother, Ms. Betty Mewborn, who would be available to monitor defendant at the house while Officer Mewborn is at work. Defendant also called Stephanie Kerns, the mother of his eighteen-month old daughter. She testified as to defendant's changes of address and his efforts to maintain contact with his state probation officer.

At both hearings, the government offered the testimony of ATF Special Agent Michael Horn. Special Agent Horn testified before the undersigned about the circumstances which led to the charges against defendant, as well as a daytime drive-by shooting that occurred in October 2018; defendant was the driver of the vehicle from which shots were fired, and although he allegedly counseled his companions in the car against shooting, he did not drive under any form of duress or threat. Special Agent Horn also testified that he was aware that defendant had been

2

shot twice in the back during party in April 2018, and that it is possible that shooting was gang-related but that defendant failed to cooperate with law enforcement's investigation of the shooting. Finally, Special Agent Horn testified about defendant's association with a local gang or clique that operates within the City of Kinston.

The statutory factors to be considered support a finding that pretrial detention is appropriate, even if the evidence presented by defendant were to be considered sufficient to rebut the presumption of detention. First, the crimes with which defendant is charged include a firearm, and the weight of the evidence against the defendant is overwhelming as defendant was captured on audio and video recordings engaging in the controlled buys and defendant further admitted his involvement to law enforcement on his arrest. As to whether there are conditions which would reasonably assure defendant's presence at trial, while the Court has considered that defendant's father who is a sworn police officer has agreed to act as third-party custodian, it has also considered that defendant has previously violated the terms of his probation by engaging in drug use, these offenses are alleged to have occurred while defendant was under state supervision, and defendant has been unemployed since October 2018. As to the risk to the community if defendant is released, defendant has admitted affiliation with a clique or local gang in Kinston, North Carolina, and has admitted involvement in two shootings. As the government correctly notes, gang violence and retaliation can be perpetrated even if an individual is confined to his own home.

Accordingly, in light of the evidence presented, the Court finds that the government has sufficiently demonstrated that there is no are condition or combination of conditions that will reasonably assure the appearance of the defendant at trial and the safety of any other person and the community. Detention pending trial is therefore appropriate.

3

Defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this __/__ day of February, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE